IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-40875 |
| AFY, INC., ) | A14-4060 |
| ) | |
| Debtor(s). ) | CHAPTER 7 |
| ROBERT A. SEARS; ROBERT A. SEARS, ) | |
| TRUSTEE; and KORLEY B. SEARS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RHETT R. SEARS; RHETT R. SEARS ) | |
| REVOCABLE TRUST; RONALD H. ) | |
| SEARS; RONALD H. SEARS TRUST; ) | |
| and DANE R. SEARS, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO DISMISS

This matter is before the court on a motion to dismiss (Fil. #4) filed by Rhett R. Sears, Rhett R. Sears Revocable Trust, Ronald H. Sears, Ronald H. Sears Trust, and Dane R. Sears ("Defendants"). Defendants are represented by Donald L. Swanson, Brian J. Koenig, and Kristin M.V. Krueger of Koley Jessen, P.C., L.L.O. Plaintiffs, Robert A. Sears individually and as testamentary trustee under the will of Redmond Sears, deceased, and Korley B. Sears ("Plaintiffs") are represented by Jerrold L. Strasheim. The parties were given the opportunity to submit briefs and the motion is now ready for decision.

On October 20, 2014, Plaintiffs filed a complaint in state court alleging that Defendants breached an agreement for the sale of their shares of AFY, Inc. stock to Korley B. Sears and the corporation, among other allegations. On November 24, 2014, Defendants filed a notice of removal in the state court litigation and in the pending bankruptcy cases of AFY, Inc. (Case No. BK10-40875), Robert A. Sears (Case No. BK10-40275), and Korley B. Sears (Case No. BK10-40277). By filing the notice of removal in each of those three pending bankruptcy cases, Defendants initiated adversary proceedings associated with each of those cases (A14-4060, A14-4061, and A14-4062), even though all those adversary proceedings are actually the same single case that was commenced in state court.

Subsequently, this court ordered that the adversary proceedings be remanded to the state court. Defendants appealed that order and, on September 28, 2015, the United States District Court for the District of Nebraska reversed and remanded the proceedings back to the bankruptcy court for further action.

This court later issued its order (Fil. #32) consolidating the adversary proceedings under A14-4060. Subsequently, the court also issued orders denying Plaintiffs' motion for abstention and remand of the civil action and denying Defendants' motion to stay proceedings. The court also ordered briefing on the motion to dismiss case and motion for sanctions (Fil. #4 and Fil. #6) that were pending. The parties have now filed their briefs and the motion to dismiss is ready for decision.

*Factual Background*

The undisputed facts pertinent to this order are as follows:

1. On February 2, 2010, Plaintiffs Korley B. Sears ("Korley") and Robert A. Sears ("Robert") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this bankruptcy court (Korley's Case No. BK10-40277, Fil. #1; Robert's Case No. BK10-40875, Fil. #1).

2. On March 25, 2010, AFY, Inc. ("AFY") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this bankruptcy court (AFY's Case No. BK10-40875, Fil. #1).

3. Korley and Robert are shareholders of AFY and at all times have taken the position that they are the sole shareholders, officers, and directors of AFY.

4. On April 16, 2010, in the AFY bankruptcy, Defendants filed a motion to appoint a Chapter 11 trustee (Case No. BK10-40875, Fil. #30)

5. Robert and Korley objected to the motion to appoint on multiple grounds (Case No. BK10-40875, Fil. #36).

6. On April 29, 2010, this bankruptcy court granted the motion to appoint and the order was not appealed by any party (Case No. BK10-40875, Fil. #81).

7. Thereafter, Defendants filed a motion for reimbursement by AFY for the legal fees that they incurred in filing and prosecuting the motion to appoint under 11 U.S.C. § 503(b)(3)(D) and (b)(4). Robert objected to the motion for reimbursement (Case No. BK10-40875, Fil.#178).

8. This court granted Defendants' motion for reimbursement and authorized the payment of attorney fees incurred by Defendants in seeking and obtaining the appointment of the AFY trustee as providing a "substantial contribution" to AFY's bankruptcy estate. This order was not appealed by any party.

9. On July 19, 2010, AFY's trustee filed a motion to convert the AFY case to Chapter 7. Korley and Robert filed an objection to the motion to convert.

10. On September 2, 2010, this court entered an order granting the motion to convert, converting AFY's Chapter 11 case to Chapter 7 (Case No. BK10-40875, Fil. #242). That conversion order was appealed by Robert and Korley, without success. *See In re AFY, Inc.*, 734 F.3d 810 (8th Cir. 2013).

11. Defendants filed the following proofs of claim in the AFY bankruptcy:

| CLAIM NO. | CLAIMANT | AMOUNT |
|---|---|---|
| 8 | Ronald H. Sears Trust and Ronald H. Sears | $2,887,214.33 |
| 9 | Rhett R. Sears and Rhett Sears Revocable Trust | $2,196,683.06 |
| 10 | Dane R. Sears | $241,393.77 |

(Proofs of Claim Nos. 8-10, collectively, the "AFY proofs of claim"). The amounts asserted in the proofs of claim were pursuant to a Stock Sale Agreement under which Korley and AFY purchased the shares of stock of AFY from Defendants, among others.

12. Defendants also filed proofs of claim in Korley's bankruptcy that are essentially the same as the AFY proofs of claim but for accrued interest. (*See* Proofs of Claim Nos. 2-5 in Case No. BK10-40277).

13. On March 17, 2011, Robert and Korley filed an objection to Defendants' AFY proofs of claim (Case No. BK10-40875, Fil. #366). Robert and Korley's arguments included, but were not limited to the following:

    a. The AFY proofs of claim are "unenforceable against AFY or its property";

    b. AFY did not sign a promissory note and was not obligated to Defendants under the Stock Sale Agreement;

    c. Defendants "materially breached" their "implied duties of good faith and fair dealing" by opposing the efforts of AFY to effect a Chapter 11 plan and by collaborating with the Chapter 11 trustee; and

    d. Defendants "materially breached the contract" by "opposing all efforts of AFY to effect a Chapter 11 plan."

14. Defendants resisted Robert and Korley's objection to the AFY proofs of claim and this court overruled the objections and allowed the claims in their entirety (Case No. BK10-40875, Fil. #493); *In re AFY, Inc.*, 2011 WL 2313154 (Bankr. D. Neb. June 8, 2011).

15. Korley and Robert appealed the allowance of Defendants' AFY proofs of claim to the Eighth Circuit Bankruptcy Appellate Panel. The B.A.P. affirmed this court's decision in all respects. *In re AFY, Inc.*, 463 B.R. 483 (B.A.P. 8th Cir. 2012).

16. Korley and Robert appealed the B.A.P.'s decision to the Eighth Circuit Court of Appeals. The Eighth Circuit dismissed the appeal, holding that Korley and Robert lacked standing to appeal this bankruptcy court's order. *In re AFY, Inc.*, 733 F.3d 791 (8th Cir. 2013).

17. On December 20, 2013, Korley filed "objections" to the proofs of claim Defendants filed in Korley's bankruptcy (Case No. BK10-40277, Fil. #282), asserting:

    a. That AFY is not liable under the Stock Sale Agreement;

    b. That Defendants materially breached their duties under the Stock Sale Agreement, including the express duty of loyalty and the implied duties of good faith and fair dealing;

    c. That the Stock Sale Agreement was not a binding contract because there was no "meeting of the minds" between Korley and the Defendants; and

    d. That the Stock Sale Agreement was an executory contract which has not been rejected.

18. On August 29, 2014, this court overruled Korley's objections, allowing Defendants' proofs of claim in full (Case No. BK10-40277, Fil. # 403); *In re Sears*, 2014 WL 4346232 (Bankr. D. Neb. Aug. 29, 2014). First, as this court explained, res judicata barred the relitigation of Korley's objections.

    a. This court's order overruling Korley and Robert's objection to Defendants' AFY proofs of claim was a final order. *Id.* at *2. This court had subject-matter jurisdiction over Korley and Robert's objection because any party in interest may object to claims under 11 U.S.C. § 502 and Korley and Robert's "lack of standing to appeal is entirely separate from their standing to file" the objection to the AFY proofs of claim. *Id.*

    b. This court also found that the defenses Korley raised in the objections were no different than those raised in the AFY bankruptcy. *Id.* at *3. "Old wine in new bottles – in the form of a new theory of recovery or a new body of law allegedly violated," does not avoid res judicata. *Id.*

19. This court also held that Korley's executory contract theory was unsuccessful as the Stock Sale Agreement is not executory and granted Defendants summary judgment, despite Korley's "creative obfuscation to try to avoid his liability," as there were no genuine issues of material fact as to Korley's liability or the amount owed to Defendants. *Id.* at *4.

20. On September 11, 2014, Korley appealed the bankruptcy court's decision to the United States District Court for the District of Nebraska, which affirmed. (*See* Fil. #13 in Case No. 4:14-CV-03206 (D. Neb. Aug. 25, 2015)). Korley further appealed to the Eighth Circuit Court of Appeals, which is pending.

21. On January 31, 2014, the AFY trustee filed a motion to approve interim payments to Defendants and other unsecured creditors based on their allowed claims. The payments totaled $3,000,000.00 of the $4,500,000.00 held in AFY's bankruptcy estate. Plaintiffs objected to that distribution motion (Case No. BK10-40875, Fil. #679).

22. On April 23, 2014, the bankruptcy court granted the distribution motion, subject to the condition that no distribution be made unless the United States Supreme Court denied Plaintiffs' petition for a writ of certiorari based on Plaintiffs' appellate litigation generally regarding an order entered by the court approving the Chapter 11 trustee's sale motion. This order was not appealed from by any party.

23. The United States Supreme Court denied Plaintiffs' petition for a writ of certiorari (Case No. BK10-40875, Fil. #692 and Fil.#693) and the AFY trustee has made the authorized distributions to creditors, including Defendants.

*Discussion*

This motion was filed pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice to state a claim to relief that is plausible on its face." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (internal citations omitted). A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003).

According to the Defendants,

> The dismissal of Plaintiffs' Complaint is warranted because (a) all of Plaintiffs' claims are barred by the shareholder standing rule, (b) almost all of Plaintiffs' claims are barred by the applicable statutes of limitation, and (c) all of Plaintiffs' claims are barred by res judicata (claim preclusion) by virtue of matters that have already been litigated in this Bankruptcy Court in the bankruptcy of AFY, Inc., including the matter captioned *In Re AFY*, Case No. 10-40875, 2011 WL 2313154 (Bankr. D. Neb. June 8, 2011) (the "AFY Claims Order"). None of the arguments presented in Plaintiffs' Opposition Brief provide a reason as to why Plaintiffs' claims are not barred by the shareholder standing rule, statutes of limitation, and res judicata (claim preclusion). *See* (Doc. 40).

Reply Br. in Supp. of Defs.' Mot. to Dismiss Compl. and Mot. for Sanctions, at 2-3 (Fil. #41).

Plaintiffs, of course, disagree.

Turning now to the allegations of the complaint, each cause of action will be separately addressed.

The first cause of action of the complaint is entitled "Breach of Contract." While it is based on numerous assertions, many of which are disguised legal conclusions or speculative statements, the underlying premise of the breach of contract claim is set forth in paragraph 44 of the complaint: "The Stock Sale Agreement does not impose liability upon AFY to Rhett, Ron and Dane for the $5,618.623.38 Deferred Price for the stock in AFY that Rhett, Ron and Dane sold to Korley." That statement, in and of itself, is nothing more than a disguised legal conclusion. However, it forms the entire basis for the remaining allegations under the heading of Breach of Contract. Frankly, it is difficult to separate the factual allegations supporting the breach of contract claim from counsel's arguments and unsupported legal conclusions that are intertwined in the allegations of the complaint. However, operating from the premise that AFY did not owe money to the Defendants, it appears that Plaintiffs are asserting the Defendants breached the Stock Sale Agreement by filing "bogus" proofs of claim in the AFY bankruptcy case in the aggregate amount of more than $5,000,000.00 by causing or inducing the trustee "not to object to their bogus proofs of claims"; by receiving money from the AFY bankruptcy estate based on their proofs of claim; and by failing to be loyal to AFY in its management.

Defendants assert that the breach of contract claim is barred by res judicata. I agree.

> The binding effect of a former adjudication, often generically termed res judicata, can take one of two forms. Claim preclusion (traditionally termed res judicata or "merger and bar") "'bars relitigation of the same claim between parties or their privies where a final judgment has been rendered upon the merits by a court of competent jurisdiction.'" *Plough v. West Des Moines Community Sch. Dist.*, 70 F.3d 512, 517 (8th Cir. 1995) (quoting *Smith v. Updegraff*, 744 F.2d 1354, 1362 (8th Cir. 1984)). Issue preclusion (or "collateral estoppel") applies to legal or factual issues "actually and necessarily determined," with such a determination becoming "conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210 (1979). The principles of res judicata generally apply to bankruptcy proceedings. *Katchen v. Landy*, 382 U.S. 323, 334, 86 S. Ct. 467, 475, 15 L. Ed. 2d 391 (1966).

*W.A. Lang Co. v. Anderberg-Lund Printing Co. (In re Anderberg-Lund Printing Co.)*, 109 F.3d 1343, 1346 (8th Cir. 1997).

"Claim preclusion will bar a subsequent suit when: '(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies.'"

*Anderberg-Lund Printing Co.*, 109 F.3d at 1346 (quoting *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983)). "[W]hether a second lawsuit is precluded turns on whether its claims arise out of the same nucleus of operative facts as the prior claim." *Magee v. Hamline Univ.*, 775 F.3d 1057, 1059 (8th Cir. 2015) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)).

As indicated, the breach of contract allegations begin with the premise that the Stock Sale Agreement does not impose liability on AFY. That premise is simply wrong. In the AFY bankruptcy case, Robert and Korley Sears jointly filed an objection to the proofs of claim filed by Defendants.[1] The objections included assertions that the proofs of claim filed by Defendants were unenforceable against AFY or its property and that AFY was not obligated to Defendants under the Stock Sale Agreement. The objections also asserted that Defendants materially breached their implied duties of good faith and fair dealing by collaborating with the Chapter 11 trustee and opposing the efforts of AFY to reorganize. Plaintiffs also stated that Defendants materially breached the contract by opposing all efforts of AFY to effect a Chapter 11 plan. Without a doubt, Plaintiffs' objections to Defendants' proofs of claim in the AFY bankruptcy case are the same allegations now being made in the breach of contract cause of action in this adversary proceeding.

In overruling Plaintiffs' objections to Defendants' proofs of claim in the AFY bankruptcy case, this court found that the Stock Sale Agreement was clear and unambiguous and that AFY was liable for the purchase price as a buyer under the Stock Sale Agreement. This court also found that no evidence was presented to support the assertion that the Sears family members had or breached any duty in failing to support Robert and Korley's efforts and in supporting the efforts of the trustee. Therefore, the claim objections were overruled.

Robert and Korley appealed to the Eighth Circuit Bankruptcy Appellate Panel, which affirmed. They further appealed to the Eighth Circuit Court of Appeals, which dismissed their appeal for lack of appellate standing, leaving this court's order in effect. It is clear that this court's order overruling Robert and Korley's objections to the Defendants' proofs of claim is final on its merits. This court had proper jurisdiction to decide the claim objection – which necessarily involved determining the balance due from Debtor to the claimants – and both suits involve the same parties and the same claims or causes of action.

In opposition, Plaintiffs argue that the claims litigation in bankruptcy is nothing more than "in rem" proceedings which determine a party's entitlement to collect from a res – the bankruptcy estate. While that may be true, it is also precisely the issue that was decided: that AFY, and thus AFY's bankruptcy estate, was indebted to Defendants in the amounts set forth in the proofs of claim. To accept the position of the Plaintiffs that the claims litigation can be completely disregarded in

---

[1] The court recognizes that an additional Plaintiff here is Robert in his testamentary trustee capacity, but the inclusion of Robert as trustee is clearly an attempt to try to sidestep the binding effect of this court's prior orders. In any event, Robert as trustee clearly is and has always been in privity with Robert the individual and could have participated in those claim objections had he chosen to do so.

subsequent litigation regarding the same issues would render the bankruptcy proceedings meaningless. Therefore, this argument is overruled.

Plaintiffs also appear to argue that they did not have a full and fair opportunity to litigate the issue of whether AFY owed money to Defendants since they were denied the opportunity to appeal for lack of appellate standing. This argument is more creative obfuscation – nothing more than an attempt to take advantage of Plaintiffs' own failures. Specifically, Robert and Korley have stated from the date they commenced the AFY bankruptcy case as its shareholders and their own individual bankruptcy cases that they are the sole shareholders of AFY. Attorney Strasheim filed the bankruptcy cases for AFY, Robert, and Korley. Attorney Strasheim also filed pleadings, motions, and objections on behalf of Robert and Korley individually in the AFY bankruptcy case, at which time it became clear that a conflict of interest existed in Mr. Strasheim's continued representation of AFY as well as Robert and Korley. Therefore, Mr. Strasheim withdrew from representing AFY. Robert and Korley, as the purported shareholders of AFY, could have hired a new attorney to represent AFY, but chose not to do so and AFY has been unrepresented ever since. Thus, it is only Robert and Korley's failure as the owners of AFY to hire a separate attorney for the corporation that has allegedly prevented them from having had a full and fair opportunity to litigate the claim objections. In fact, Robert and Korley, as shareholders of AFY, and AFY itself, all had opportunities to fully and fairly litigate the claims but did not do so.

The second cause of action in the complaint is entitled "Breaches of Fiduciary Duty," and asserts that Defendants Ron and Dane owed fiduciary duties to AFY and to its management. The complaint also asserts that Rhett knowingly participated in and aided and abetted the breaches of fiduciary duties. Unfortunately for Plaintiffs, all of the allegations under the heading of the second cause of action are unsupported rhetoric without any statements of fact to support a cause of action. In reviewing this cause of action, one needs to look back to the so-called "general allegations" of the complaint and discern which constitute factual allegations supporting a claim that Ron and Dane, aided and abetted by Rhett, breached fiduciary duties by putting their own interests first, not being trustworthy, and not being forthcoming with information.

A review of the allegations reveals that the premise of this cause of action is that Defendants should not have filed proofs of claim against AFY and should have supported AFY's efforts at reorganizing in its Chapter 11 case – which, of course, sounds an awful lot like the breach of contract claim discussed above. In fact, it is the same as the breach of contract claim using different words for the theory of recovery. Therefore, for the same reason Plaintiffs cannot relitigate the breach of contract claim, they cannot relitigate it under the guise of a breach of fiduciary duty claim. Further, even by Plaintiffs' own allegations, the duty of loyalty purportedly owed by Defendants was owed to AFY – not to Plaintiffs. Under the shareholder standing rule, if harm has been directed toward a corporation, then only the corporation itself has standing to assert a claim. *Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001) (citing *Brictson v. Woodrough*, 164 F.2d 107, 109 (8th Cir. 1947)). Plaintiff are well-aware that the basis of the shareholder standing rule is because corporations are entities separate from their shareholders. *Sears v. Badami (In re AFY)*, 734 F.3d 810, 820 (8th Cir. 2013) (citations omitted) (holding that Robert and Korley did not have standing to appeal from certain bankruptcy court orders entered in the AFY bankruptcy because of the

shareholder standing rule). This breach of fiduciary duty cause of action is barred by the shareholder standing rule and Plaintiffs do not even attempt to contradict that point in their brief.

The remaining causes of action entitled "Restitution," "Conspiracy and Tortious Interference," and "Abuse of Process," are similarly barred. They are all based on the same set of facts and incorrect premise – that AFY was not indebted to Defendants. As discussed previously, that premise is incorrect, claim preclusion prevents relitigation of the claims, and the causes of action are barred by the shareholder standing rule.

Because claim preclusion and the shareholder standing rule preclude any cause of action – however denominated – based on the facts as alleged in the complaint, it does not appear that the deficiencies in the complaint can be resolved through an amendment. Therefore, leave to amend will not be granted, nor was it requested.

Finally, the court observes that the efforts of the Plaintiffs and their attorney in filing this complaint appear to be nothing more than obstructionist behavior with the goal of perpetuating this long-running family feud. Their efforts attack the integrity of the bankruptcy system – a system the Plaintiffs voluntarily entered. When their tactics under Chapter 11 failed to produce the desired results, Plaintiffs then attempted to take their battle to another forum – state court – but failed due to the removal of the case back to this court. Plaintiffs and their attorney also attempt to create new causes of action out of actions taken by Defendants in the Chapter 11 cases to protect themselves, their claims, and the estates – actions they were forced to take due to the tactics of Plaintiffs. If Plaintiffs were allowed to proceed, it would render everything done in bankruptcy court meaningless. As the B.A.P. noted in Plaintiff's appeal of the AFY claims order, "it would defy logic to hold that a claimant would act in bad faith simply by trying to enforce his claim and assist a case trustee in procuring payment of it." *Sears v. Sears (In re AFY, Inc.)*, 463 B.R. 483, 490-91 (B.A.P. 8th Cir. 2012). Such tactics will not be tolerated.

IT IS, THEREFORE, ORDERED that the motion to dismiss (Fil. #4) is granted. Plaintiffs' complaint is hereby dismissed. This order shall be considered final for purposes of appeal.

DATED: March 7, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Brian J. Koenig
    *Kristin Krueger
    *Donald L. Swanson
    Jerrold L. Strasheim
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.